RECEIVED

JUN 1 9 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| VICKI BURGESS | CIVIL ACTION NO. 07-0385 |
| VS. | JUDGE MELANÇON |
| RYAN'S FAMILY STEAK HOUSE, INC. | MAGISTRATE JUDGE METHVIN |

### REPORT RECOMMENDING REMAND
### FOR LACK OF JURISDICTIONAL AMOUNT

Plaintiff Vicki Burgess filed this personal injury lawsuit for damages in the Fifteenth Judicial District Court, Parish of Lafayette, State of Louisiana. On March 2, 2007, defendant Ryan's Family Steak House, Inc. ("Ryan's") removed the matter to this court based on the allegation that the amount in controversy exceeds $75,000 and that this court has diversity jurisdiction under 28 U.S.C. §1332.[1]

On April 30, 2007, the undersigned magistrate judge issued an order requiring Ryan's to file a memorandum with supporting documentation setting forth specific facts in controversy that support a finding that the jurisdictional amount exists.[2] Before the court is Ryan's "Submission on Jurisdictional Amount."[3]

*Findings and Conclusions*

The law is well settled that a federal court is authorized to raise the issue of jurisdiction *sua sponte*. Derouselle v. Wal-Mart Stores, Inc., 934 F.Supp. 214 (W.D. La. 1996), citing

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 8.

[3] Rec. Doc. 9.

2

F.R.Civ.P. 12(h)(3) and <u>Birmingham Post Co. v. Brown</u>, 217 F.2d 127, 129 (5th Cir. 1954). In fact, because federal courts are courts of limited jurisdiction, the trial court is bound to assess for itself, even when not otherwise suggested, whether it possesses jurisdiction. <u>Id.</u> This duty was affirmatively recognized in <u>Birmingham</u>, 217 F.2d at 129, citing <u>Yocum v. Parker</u>, 130 F. 770, 771, 66 C.C.A. 80 (8th Cir.):

> The question of jurisdiction is self-asserting in every case. It arises although the litigants are silent. Even their consent cannot authorize cognizance if fundamental grounds of jurisdiction are absent.

A removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000 or (2) setting forth the specific facts in controversy that support a finding of the jurisdictional amount. <u>Simon v. Wal-Mart Stores, Inc.</u>, 193 F.3d 848, 850 (5th Cir. 1999); <u>Luckett v. Delta Airlines, Inc.</u>, 171 F.3d 295, 298 (5th Cir. 1999).

Plaintiff Vicki Burgess alleges that on August 20, 2006, she slipped and fell in a Ryan's Family Steak House Restaurant in Lafayette, Louisiana and sustained severe, painful, and disabling injuries to her mind and body, including injuries to her knee and back. Plaintiff contends that her injuries required medical treatment and may require surgeries in the future.

Ryan's contends that removal was appropriate considering Burgess's injuries, which include (1) lower lumbar spondylitic change; (2) small right posterolateral annular tear at L4-5 without associated disc herniation; and (3) right paracentral annular tear at L5-S1 with a small associated disc protrusion abutting the descending right S1 nerve root, all confirmed by an MRI study performed on November 7, 2006. Ryan's contends that "it is not clear from the medical reports whether or not [p]laintiff's condition will require surgery, as treatment is ongoing. . .

3

Nevertheless, [p]laintiff's [p]etition alleges that surgery is a possibility. . . . the possibility that surgery exists clearly places this case within the quantum range of $75,000.00."

With regard to plaintiff's medical expenses, Ryan's states that plaintiff has incurred medical expenses totaling $1,537.96. No information is provided regarding future medical expenses. Furthermore, there is no claim before the court for loss of earnings or earning capacity, and no evidence on those points has been produced.

Considering the evidence before the court, the undersigned concludes that the jurisdictional amount has not been established. Ryan's has not provided the court with any summary-judgment-type evidence supporting a finding of jurisdiction; to the contrary, the evidence presented by Ryan's shows that Burgess has had little medical treatment for her alleged injuries and that her medical bills to date amount to approximately $1,500.00. Ryan's reliance on the possibility of surgery for Burgess is unpersuasive. The court has been provided with no medical reports stating that Burgess is a candidate – or even a potential candidate – for surgery. All that the court has before it is one MRI showing mild lumbar changes.

In light of the conservative treatment rendered thus far for Burgess as well as her minimal medical bills, combined with the lack of any recommendation for surgery or other information regarding future medical expenses, the undersigned concludes that the jurisdictional amount has not been satisfied in this case.

Accordingly, it is **RECOMMENDED** that this case be remanded to the Fifteenth Judicial District Court, Parish of Lafayette, State of Louisiana.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10)**

4

days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on June 19, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

COPY SENT:
DATE: 6/19/07
BY: CW
TO: mem
TLM